UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re: FARMERS GRAIN, LLC,<br><br>　　　　　　　Debtor.<br><hr>NOAH G. HILLEN, Trustee,<br><br>　　Plaintiff,<br><br>　　　　　v.<br><br>DAVID R. UNRUH TRUST and<br>DAVID R. UNRUH as Trustee,<br><br>　　Defendants. | Case No. 1:19-mc-10549-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## INTRODUCTION

Before the Court are two motions filed by Defendants David R. Unruh Trust and David Unruh: (1) an unopposed motion to withdraw the reference; and (2) a motion in support of a demand for a jury trial. *See* Dkts. 1, 2. The Court will grant the motion to withdraw the reference but will delay doing so until the matter is ready for trial. Because the Court is delaying withdrawal of the reference, the bankruptcy court will decide the pending motion in support of the jury trial

demand. To be clear, an Article III judge will ultimately preside over any trial in this proceeding (be it bench or jury) and issue the final judgment, but the bankruptcy court will decide pretrial issues, including the threshold issue of whether defendants waived their right to a jury trial.

## BACKGROUND

In April 2017, Farmers Grain, LLC filed a chapter 11 bankruptcy petition. Roughly two years later (after the bankruptcy was converted to a chapter 7), the Trustee filed this adversary proceeding. The Trustee alleges that Farmers Grain transferred $300,000 to the defendants, which the Trustee now seeks to avoid.

Defendants answered the Trustee's complaint on June 20, 2019. The answer did not include a demand for jury trial. On August 7, 2019 (the same date as the first pretrial conference conducted in the proceeding), the Trustee filed a notice of consent to final judgment by the bankruptcy court. Shortly afterward, Defendants filed both pending motions. The Trustee does not oppose the motion to withdraw the reference but says Defendants have waived their right to a jury trial.

## ANALYSIS

**1.    The Motion to Withdraw the Reference**

Defendants acknowledge that the Court need not withdraw the reference immediately. Accordingly, as has been its practice with fraudulent transfer claims in the wake of *Stern v. Marshall*, 564 U.S. 462 (2011), the Court will grant the

unopposed motion to withdraw the reference but will delay doing so until the bankruptcy court certifies that the matter is ready for trial.

Under 11 U.S.C. § 157(c), the bankruptcy court may "hear" the Trustee's claims, and submit proposed findings of fact and conclusions of law to the district court. *See, e.g., Executive Benefits Ins. Agency v. Arkison*, 573 U.S. 25 (2014). If either party files a dispositive motion, the bankruptcy court may entertain that motion and submit proposed findings of fact, conclusions of law, and a recommended disposition of the case to this Court. *See id.* When the bankruptcy court certifies that the case is ready for trial, the Court will withdraw the reference and set the matter for trial.

## 2. The Motion in Support of Jury Trial Demand

Because the Court is delaying withdrawal of the reference until the proceeding is ready for trial, the bankruptcy court will take up defendant's motion in support of its jury trial demand and will thus decide whether defendants waived their right to a jury. Regardless of how the issue is decided, the parties should be aware of two rules not mentioned in the briefing:

**First, Federal Rule of Civil Procedure 6(b).** Under this rule, a court may extend the time "[w]hen an act may or must be done within a specific time: . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Rule 6(b) thus provides a potential

avenue of relief if the bankruptcy court determines defendants failed to timely demand a jury. Accordingly, the bankruptcy court may wish to consider this rule in determining whether to grant defendants' motion.

**Second, Federal Rule of Civil Procedure 39(c)(1).** Defendants argue, in the alternative, that if their jury demand was untimely, then they are entitled to relief under Federal Rule of Civil Procedure 39(b). That rule provides:

> Issues on which a jury trial is not properly demanded are to be tried by the court. *But the court may, on motion, order a jury trial on any issue for which a jury trial might have been demanded*.

(emphasis added). Again, the bankruptcy court will decide this issue.

The parties should be aware, however, that if the bankruptcy court determines defendants waived their right to a jury trial *and* are not entitled to relief under Rule 6(b) or Rule 39(b), then if and when the proceeding is certified as being ready for trial, this Court would consider empaneling an advisory jury under Rule 39(c)(1). Rule 39(c)(1) states: "In an action not triable of right by a jury, the court, on motion or on its own: (1) may try any issue with an advisory jury; . . . ." The Court is not suggesting it has already decided to empanel an advisory jury. Rather, the Court is simply advising the parties that this is a possibility, which may help them prepare for trial.

## ORDER

For all the foregoing reasons, **IT IS ORDERED that:**

1) Defendants' Motion to Withdraw the Reference (Dkt. 1) is **GRANTED** although the Court will not immediately withdraw the reference. Instead, the Court will withdraw the reference when the bankruptcy court certifies that this proceeding is ready for trial.

2) Defendant's Motion in Support of Demand for Jury Trial (Dkt. 2) shall **REMAIN REFERRED** to the bankruptcy court. The Clerk is directed to **ADMINISTRATIVELY TERMINATE** the motion in this Court's docket, as the motion is already on file in the bankruptcy court.

3) The bankruptcy court will preside over all pretrial matters in this case, including discovery and pretrial conferences and will resolve routine and dispositive motions. If either party files a dispositive motion, the bankruptcy court will entertain that motion and submit proposed findings of fact, conclusions of law, and a recommendation for disposition to this Court.

4) If and when it becomes clear that a jury trial will be necessary, and the proceeding is prepared and ready for trial to begin, the bankruptcy court shall so certify to this Court and the reference will be withdrawn at that time.

5) Until the bankruptcy court certifies that this case is ready for trial, the parties shall file all motions, pleadings, and other papers in the adversary proceeding in bankruptcy court.

DATED: November 4, 2019

_____
B. Lynn Winmill
U.S. District Court Judge